BARTLETT. (UNITED STATES v.) See Case No. 14,532.

## Case No. 1,081.

### BARTLETT v. WILLIAMS.

[Holmes, 229.] [1]

Circuit Court, D. Massachusetts.    Aug. Term, 1873.

COLLISION—SAILING VESSELS—CHANGE OF COURSE.

1. A schooner on the starboard tack overtook, and passed a short distance to leeward of, a brig, and when three or four lengths in front came in stays, which brought her across the bows of the brig, and rendered a collision inevitable. Just before actual collision the course of the brig was changed about a point. *Held*, that the schooner was in fault for coming in stays under such circumstances.

[See The Alaska, Case No. 130.]

2. That the brig was not in fault for changing her course, according to the best judgment of the master, after the collision had become inevitable through the fault of the schooner.

Admiralty appeal [by Enoch Bartlett, claimant of the schooner William G. Bartlett] from a decree of the district court of Massachusetts awarding damages to the appellees [Sheldon Williams and others, owners of the brig Richard and Torrey] in a case of collision. [Affirmed.] The facts are stated in the opinion.

R. H. Dana, Jr., and S. J. Thomas, for appellant.

J. C. Dodge, for libellants.

SHEPLEY, Circuit Judge. I find the facts

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

in this case to be that the brig Richard and Torrey, the property of the libellants, on the 7th of July, 1871, was in the Vineyard sound on a voyage from Calais, Me., to Providence, R. I. The schooner William G. Bartlett, on the same day, was passing through the sound, bound for Philadelphia. The weather was clear. The wind was ahead for vessels passing through the sound to the westward. Before the collision, both vessels were beating, and both had been for some time on the starboard tack. The schooner had been astern of the brig, but she outsailed her, and overtook and got ahead of her. She, by reason of her rig, would lay a point nearer the wind than the brig, and worked to windward faster than the brig. The schooner passed the brig on her lee (port) side; and, after passing her a short distance, not probably more than four or five times her length, came in stays. This brought the schooner across the brig's bows, and made the collision inevitable. When the schooner tacked, if she saw the brig (about which there is much conflict in the testimony) she evidently intended to retain the advantage she had gained in distance, and to pass to the windward in a course which brought her across the bows of the brig. It is contended on the part of the schooner that she intended to go to the leeward and under the stern of the brig, and that the brig changed her course and fell off, and that, if the brig had kept her course, she would have ranged ahead of the schooner, and the collision would have been avoided.

I am not able, upon a careful review of the testimony, to come to this conclusion. The brig's wheel was put hard up immediately before the collision, and the brig fell off about a point; but this was not done until the collision would have been inevitable if the brig had kept her course. The schooner had wrongfully come in dangerous proximity to the brig, and across her bows. There was no time for deliberation. The course adopted was supposed to be the most judicious one under the circumstances; and if it were not so, as the order was given in the exercise of the best judgment of the master, and if he had kept his course there was no reasonable ground to believe the schooner would have passed her, I do not think, on the best consideration I am able to give the testimony, that the brig should be adjudged in fault; although I do not wish to give countenance to any relaxing of the rule, that the vessel whose duty it is to keep her course should not change it before a collision is inevitable. At the time of the change of the course by the brig, the schooner was in stays, and could not change her course, because she had no headway. She was helpless; and the brig saw that all that could be done to avoid the collision must be done by the brig.

Decree of district court affirmed, with interest from date of decree, and costs.